ROBERT FOLLIARD **v.** STATE OF OHIO.

1. ADMISSION OF INTERNAL REVENUE RETAIL LIQUOR TAX CERTIFICATE NOT IN CONTRAVENTION OF CONSTITUTIONAL REQUIREMENT AS TO ACCUSED'S MEETING WITNESSES FACE TO FACE.

     Admission of a certified copy of the record in the United States internal revenue department showing payment by accused of a special tax as retail dealer in intoxicating liquors, payment of which is made *prima facie* evidence of violation of local option laws, is not in contravention of Sec. 10 of the bill of rights providing that accused shall be entitled to meet witnesses ·face to face, the constitutional inhibition applying to parol evidence only and not to introduction of public records or instruments of writing.

2. CERTIFIED COPIES OF U. S. GOVERNMENT RECORDS COMPETENT EVIDENCE IN CRIMINAL PROCEEDINGS.

     Under Gen. Code 11500, making copies of certain records in the executive departments competent evidence, a certified copy of

Licking County.

the internal revenue department showing payment of a retail dealer's liquor tax is the best evidence of the fact of payment provided for in Gen. Code 6100, especially since under the rules of the internal revenue department the original records are not permitted to be taken from the office of the collector. This rule applies to criminal as well as civil cases.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Jones & Jones,* for plaintiff.
*P. B. Smythe,* for defendant.

## PER CURIAM.

The motion of plaintiff in error to file a petition in error in this court is, for good cause, allowed, and said petition in error is accordingly filed. Thereupon said cause is submitted to the court upon the questions raised by said petition in error and the bill of exceptions taken in the trial of the case.

The first contention of the plaintiff in error is: That the court erred in permitting the state to introduce a certified copy of the record in the internal revenue department of the United States, showing that said defendant below had paid to the United States the special tax as a retail dealer in intoxicating liquors.

It is insisted that this is in violation of Sec. 10 of the bill of rights and particularly that part of the section which provides that the accused shall be entitled to meet the witnesses face to face. But, in the opinion of the court, this section has no application whatever. That applies to the parol testimony of a witness only, and not to the introduction of public records, or other instruments of writing, which may become competent evidence in the trial of a criminal case.

Gen. Code 6100 provides that the payment of such special tax shall be held to be *prima facie* evidence that the person, or persons paying the same, are violating the law prohibiting the sale of intoxicating liquors as a beverage. This same question is raised in other cases submitted to this court at this term, and what we have to say upon the subject will be stated in this opinion and not repeated in the opinions of the other cases. In some of the cases it is insisted that this is made competent evidence in civil cases only. Those are the terms of Gen.

Folliard v. State.

Code 6092, but Gen. Code 6100 also expressly provides that the payment of such tax is competent evidence in a prosecution for the violation of the liquor laws.

It is insisted, however, that the original record itself must be introduced in evidence and that a certified copy thereof is not competent evidence. In answer to that contention it is sufficient to say that the best evidence of which a case in its nature is susceptible must be introduced. This rule applies to criminal as well as civil cases. In fact the general rule as to competent evidence in criminal cases is not different from that in civil cases except as to the constitutional provision contained in Sec. 10 of the bill of rights and such other differences as are expressly provided for by statute. Otherwise evidence that is competent in civil cases is equally competent in criminal cases.

Under the rules and regulations of the internal revenue department of the United States these records are not permitted to be taken from the office of the collector and the state has no authority to control the policy of the general government in that respect. Therefore, the best evidence that can be obtained touching the matters and things contained in this record is, of necessity, an exemplification of that record.

By Gen. Code 11500, it is specially provided that copies of any books, maps, records, papers or documents on file or deposited in any of the executive departments of the United States government, authenticated under the seal of such department, shall be competent evidence and have the same force and effect as the originals would if produced. To the same effect is Sec. 906 U. S. Stat.

Therefore, in view of this provision of the law and in view of the fact that this is not the parol evidence of a witness, that the accused is permitted face to face, the introduction of this certified copy of the record was and is authorized by the statute and is not in violation of the constitution of the state and the court was not in error in admitting it in evidence.

The next contention of the plaintiff in error is: That the evidence offered by the state does not sustain the conviction, or

Licking County.

that the finding of the court is against the manifest weight of the evidence.

It is true that there is a serious conflict of evidence in this case, but under the statute under which we have just called attention, the proof of the payment of this special tax makes a *prima facie* case, and coupled with that is the positive evidence of a witness who testifies that he bought intoxicating liquors from the accused, at the time and place mentioned in the affidavit. True, this witness is a detective and there are some things in connection with his cross-examination which affect his credibility, but, from the whole record this court cannot say that the finding of the trial court is so manifestly against the weight of the evidence as to require a reversal for that reason.

Therefore, the judgment of the common pleas court is affirmed and the same is remanded for execution.

Exceptions of the plaintiff in error are noted.